**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOSEPH COPPOLA,**

    Petitioner,

**v.**                                        **CIVIL ACTION NO.: 3:15-CV-96
(GROH)**

**TERRY O'BRIEN, Warden,**

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING IN PART REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On June 1, 2016, Magistrate Judge Trumble issued his R&R, which recommends that this Court grant the Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 27]; deny as moot the Petitioner's motions which appear on the docket as ECF Nos. 31, 40, 46 and 47; and deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1]. For the following reasons, Magistrate Judge Trumble's R&R is hereby **ADOPTED IN PART**.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made.

Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the R&R.  The R&R was entered on June 1, 2016, and the Petitioner timely filed his objections.[1]  Accordingly, this Court will review *de novo* the portions of the R&R to which objection is made and the remainder of the R&R for clear error.

## I. Background

On March 29, 2004, the Petitioner was convicted by a jury on two counts of bank robbery.  Minutes of the Court, United States v. Coppola, No. 2:03-cr-10-LRH-PAL-1 (D. Nev. Apr. 1, 2004), ECF No. 109.  The following year, on March 22, 2005, the Petitioner was sentenced to 188 months of imprisonment.  Judgment, United States v. Coppola, No. 2:03-cr-10-LRH-PAL-1 (D. Nev. Apr. 6, 2005), ECF No. 152.  Since the commencement of his incarceration in 2005, the Petitioner has received numerous disciplinary infractions resulting in losses of good conduct time ("GCT") and non-vested GCT.  A review of the Petitioner's Chronological Disciplinary Record[2] and available Discipline Hearing Officer

---

[1] No return receipt indicating the Petitioner's acceptance of the R&R is available on the docket.  The tracking information provided by the United States Postal Service indicates that the R&R is still in transit.  Presumably, the Petitioner received the R&R because he filed two different sets of objections.  These objections were received by the Clerk on June 13, 2016, and June 20, 2016.  ECF Nos. 60, 61.  Because the Petitioner's objections were received within twenty days after entry of the R&R, the Court considers the objections timely filed.

[2] The Court notes that the Petitioner's Chronological Disciplinary Record provided by the Respondent only consists of infractions prior to November 12, 2013.  ECF No. 27-4 at 14-22.  In addition, the Respondent

2

("DHO") reports reveals that the Petitioner has lost more than 560 days of GCT and non-vested GCT. See ECF Nos. 27-3 at 5, 27-4 at 5, 27-4 at 14-22. Because of his loss of GCT and other privileges,[3] the Petitioner filed various administrative remedy submissions at the facility, Regional Office and Central Office levels. As of April 19, 2016, the Petitioner had filed a total of sixty-one administrative remedy submissions with the Bureau of Prisons ("BOP"). ECF No. 54-2. Of these sixty-one submissions, forty-nine were filed prior to the date that the instant petition was filed with this Court. Of those forty-nine submissions, thirteen were appeals from DHO hearings that resulted in the revocation of GCT. Out of the thirteen DHO appeals, only one—Incident Report No. 1615540 (Remedy ID No. 469145-A1)—has been fully exhausted.[4]

The Petitioner filed his § 2241 petition with this Court on August 5, 2015, in which he sets forth six distinguishable claims. The Petitioner argues that the BOP (1) failed to treat his bipolar disorder in violation of its own policy and the Americans with Disabilities Act ("ADA"), (2) "unlawfully" revoked his GCT, (3) denied him due process in the processing of his incident reports, (4) "unlawfully" placed and maintained him "in a higher custody level than warranted" and (5) erroneously labeled him as a sex offender and sovereign citizen and miscalculated his criminal history score in violation of the Privacy

---

provided two DHO reports related to incidents that arose on November 8, 2013, which do not appear on the Chronological Disciplinary Record. ECF Nos. 27-3 at 2-6, 27-4 at 2-6. However, the Court was not provided with an updated Chronological Disciplinary Record or DHO reports for any other offenses that may have occurred between November 13, 2013, and the date on which the instant petition was filed: August 5, 2015.

[3] In addition to GCT, the Petitioner lost, among others, phone, email and visitor privileges. ECF No. 27-4 at 14-22.

[4] Remedy ID No. 469145-A1 was filed by the Petitioner on January 29, 2008, in which he sought relief from a DHO hearing that was held on July 26, 2007, concerning violations of Codes 212A (engaging in or encouraging a group demonstration) and 319 (using equipment or machinery contrary to instructions or posted safety standards). ECF No. 54-2 at 2. The appeal was fully exhausted on March 18, 2008.

Act. See ECF No. 1 at 5-7. In light of these alleged violations, the Petitioner requests relief in the form of an order reinstating his GCT, "which would cause immediate release to supervised release and return of all financial sanctions currently encumbered on [his] inmate account, for damages done in an uncontrolled bipolar state which was not appreciated 'at the time' of the incidents." ECF No. 1 at 8 (capitalization modified). The Petitioner asserts that the BOP wrongfully revoked more than twenty-four months of GCT and non-vested GCT.

On October 14, 2015, the Respondent filed a motion to dismiss or for summary judgment. Magistrate Judge Trumble issued a Roseboro notice on October 15, 2015, advising the Petitioner of his right to respond to the potentially dispositive motion. On December 2, 2015, the Petitioner filed his response in opposition to the Respondent's motion to dismiss or for summary judgment. On March 31, 2016, after a review of the pleadings, Magistrate Judge Trumble ordered the Respondent to file a supplemental response. The Respondent filed his supplemental response on May 2, 2016, and an addendum the following day. On June 1, 2016, Magistrate Judge Trumble entered his R&R, to which the Petitioner timely filed objections.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, if the Court

4

considers documents attached to the complaint or the motion to dismiss that are "integral to the complaint and authentic," the motion may still be treated as a motion to dismiss. Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff and view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). Nevertheless, if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Even though Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). For example, a complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citation omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice. Id. (alteration in original) (internal quotations and citation omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal,

556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (second alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court is given the task of "determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party has shown an absence of material fact, the nonmoving party must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

### III. Discussion

The Petitioner raises numerous objections to the R&R. The Petitioner also presents a myriad of other arguments that the Court does not construe as objections. To the extent the Petitioner raises arguments that direct this Court to a specific error by the

magistrate judge, the Court will conduct *de novo* review.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  However, to the extent the Petitioner's objections are general or conclusory in nature, or are mere reiterations of arguments already rejected by the magistrate judge, the Court is not obligated to conduct *de novo* review.  See Orpiano, 687 F.2d at 47; see also Davis v. Duncil, 81 F.3d 149, at *1 (4th Cir. 1996) (per curiam) (unpublished table decision); Felton v. Colvin, Civil No. 2:12-CV-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014).

### A. Failure to Exhaust Administrative Remedies

The Petitioner asserts that Magistrate Judge Trumble erroneously considered the Respondent's defense of failure to exhaust administrative remedies.  Specifically, he claims that because the Respondent failed to raise this defense in his motion to dismiss or for summary judgment, the defense was waived.  It is well established that federal prisoners must exhaust their administrative remedies before seeking relief under 28 U.S.C. § 2241.  See, e.g., McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished per curiam); Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).  The policy behind this requirement is that exhaustion serves important interests.  See, e.g., Woodford v. Ngo, 548 U.S. 81, 93-94 (2006).  For example, it "eliminate[s] unwarranted federal court interference with the administration of prisons," "affor[ds] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case" and "reduce[s] the quantity and improve[s] the quality of prisoner suits."  Id.

Failure to exhaust administrative remedies is classified as an affirmative defense in habeas corpus proceedings.  See Garza v. Davis, 596 F.3d 1198, 1200 (10th Cir. 2010); Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998).  However, the defense is

7

not waived merely because the party asserting it failed to raise it in an initial responsive pleading. See, e.g., Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999) (collecting cases), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). Rather, prejudice and unfair surprise to the nonmoving party are the factors that courts consider in determining waiver of an affirmative defense. Id. Here, the Respondent asserted the defense of failure to exhaust administrative remedies in his supplemental response, which was filed on May 2, 2016. Although the defense was raised nearly seven months after the filing of the motion to dismiss or for summary judgment, the Court finds no apparent prejudice to the Petitioner and, importantly, the Petitioner does not allege prejudice. Moreover, to date, no scheduling order has issued and no discovery has taken place. Therefore, absent apparent prejudice to the Petitioner, the Court finds that the Respondent's defense of failure to exhaust administrative remedies was not waived and accordingly **OVERRULES** the objection.

Additionally, the Court finds, in accordance with the R&R, that the Petitioner failed to exhaust his administrative remedies with regard to his loss of GCT claim. The BOP has a formal administrative grievance process, which is set forth in 28 C.F.R. §§ 542.10-542.19. Pursuant to § 542.13(a), inmates must first, with limited exceptions,[5] present issues of concern to staff in an informal manner. If this first step fails, or if they are dissatisfied with the informal response, inmates may file a request for administrative remedy with the warden of the institution where they are incarcerated, via form BP-9, within twenty days of the date on which the complained of incident transpired. 28 C.F.R. § 542.14(a). If the request is denied, they are dissatisfied with the response or if there is

---

[5] Exceptions to this first step are set forth in 28 C.F.R. § 542.13(b).

no response within twenty days of submission, inmates may appeal to the appropriate Regional Office, via form BP-10, within twenty days from the date that the Warden signed the response or when the response would have been due. 28 C.F.R. §§ 542.15, 542.18. If relief is denied at the Regional Office level, inmates may move to the final step in the administrative remedy process and file an appeal with the General Counsel ("Central Office") in Washington, D.C., via form BP-11, within thirty days from the date that the Regional Director signed the response. 28 C.F.R. §§ 542.15, 542.18. Inmates do not exhaust their administrative remedies until they complete the final appeal to the Central Office.

The status of inmates' administrative filings can be found in their Administrative Remedy Report. Each administrative filing is assigned a Remedy ID number, followed by a two-digit alphanumerical code designating the appeal level. The letter identifies the appeal level and the number identifies how many times the grievance has been filed at that level. For example, "F1" indicates that the grievance was filed once at the facility level. "R" represents the Regional Office level and "A" represents the Central Office level. Here, from the start of his incarceration in 2005 through the date of filing the instant § 2241 petition, the Petitioner appealed thirteen DHO hearings that resulted in losses of GCT. Out of those thirteen DHO appeals, only one—Incident Report No. 1615540 (Remedy ID No. 469145-A1)—has been fully exhausted. Incident Report No. 1615540 charged the Petitioner with violations of 212A (engaging in or encouraging a group demonstration) and 319 (using equipment or machinery contrary to instructions or posted safety standards). ECF No. 27-4 at 20. After a hearing, the DHO revoked twenty-seven days of GCT.

9

The Petitioner's claim relating to Incident Report No. 1615540 (Remedy ID No. 469145-A1) is the only claim resulting in a loss of GCT that the Petitioner has fully exhausted.[6] This offense resulted in a loss of twenty-seven days GCT; however, the Petitioner requests that the Court restore over twenty-four months, or 730.5 days, of GCT. Because they have not been exhausted via the BOP's administrative grievance process, the remaining DHO hearings, allegedly resulting in 703.5 days of lost GCT, are not properly before this Court. Furthermore, the Respondent submits that he is "unable to locate a copy of the discipline paperwork and DHO Report" for Incident Report No. 1615540 (Remedy ID No. 469145-A1). ECF No. 54 at 4. Therefore, the Respondent states that he will restore the twenty-seven days of GCT lost as a result of Incident Report No. 1615540 (Remedy ID No. 469145-A1). Accordingly, the Petitioner's claim against the BOP for unlawful revocation of GCT must be dismissed.

### B. Mental Illness

The Petitioner maintains that he suffers from bipolar disorder, which he claims was the cause of and justification for all of his disciplinary infractions while incarcerated. He further claims that the BOP violated its own policy and the ADA by failing to treat his mental illness. The Petitioner objects to Magistrate Judge Trumble's conclusion that there is no evidence within the record to support a finding that the Petitioner suffers from bipolar disorder.

---

[6] The Respondent submitted a declaration of Howard Williams, Administrative Remedy Clerk for the Mid-Atlantic Regional Office. ECF No. 54-1. Mr. Williams states that out of the sixty-one total administrative remedy submissions that the Petitioner filed, only two have been exhausted. "Out of those two (2) submissions, only one was exhausted prior to the August 5, 2015, date on which the instant Petition was filed. That submission, Remedy ID No. 469145, concerning DHO findings from a July 26, 2007 hearing, was fully exhausted on March 18, 2008." ECF No. 54-1 at 3.

The Court agrees with Magistrate Judge Trumble's finding that the Petitioner's ADA claim is improperly raised in his § 2241 petition. Claims are properly filed pursuant to § 2241 when they challenge the execution or duration of a sentence. Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) ("It is well established that 'attacks on the execution of a sentence are properly raised in a § 2241 petition.'" (quoting In re Vial, 115 F.3d 1192, 1994 n.5 (4th Cir. 1997))); Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam) ("A challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence."). Alternatively, claims challenging the "circumstances of confinement" are properly filed pursuant to 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Claims alleging violations of the ADA are claims challenging the circumstances, or conditions, of confinement and are thus not cognizable in § 2241 proceedings. See Gorrell v. Hastings, 541 F. App'x 943, 944-45 (11th Cir. 2013) (unpublished per curiam); McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010); Elliot v. Federal Bureau of Prisons, Civil Action No. 04-1702, 2006 WL 5217760, at *13 (D.D.C. Oct. 17, 2016).

The Court also agrees with Magistrate Judge Trumble's finding that the Petitioner provides no articulable basis for vacating his disciplinary proceedings based upon alleged violations of 28 C.F.R. § 541.6 or BOP Program Statement No. 5270.09. Section 541.6 references the implications of mental illness on the disciplinary process. For example, § 541.6(b) maintains that an inmate will not be held responsible for his conduct "when, as the result of a severe mental disease or defect, [he was] unable to appreciate the nature

and quality, or wrongfulness of the act." The Unit Disciplinary Committee ("UDC")[7] or DHO makes this determination upon review of evidence presented by mental health staff. Here, it appears that the Petitioner claims that because of his mental illness he could not appreciate the nature or wrongfulness of his disciplinary infractions. However, available records indicate that multiple sources, including the Chief of Psychology Services at FCI Phoenix, found the Petitioner either did not suffer from bipolar disorder or that, in the very least, the disorder did not affect his understanding or appreciation of his actions while incarcerated. The Petitioner fails to allege any facts or provide any detail regarding how these sources are inaccurate; he simply disagrees with their findings. At best, the Petitioner avers that he was diagnosed with bipolar disorder in 1990 while he was in the Navy, but provides no proof in support of this assertion. Furthermore, even if the Petitioner suffers from bipolar disorder, it does not necessarily follow that he cannot understand or appreciate the nature of his actions. Accordingly, the Court **OVERRULES** the Petitioner's objection regarding his mental illness.

### C. Partiality

The Petitioner claims that Magistrate Judge Trumble's R&R is partial toward the Respondent. In support, he appears to direct the Court to two specific instances: Magistrate Judge Trumble's September 28, 2015 order granting the Respondent's motion for an extension of time to respond to the § 2241 petition [ECF No. 17] and March 31, 2016 order requiring the Respondent to file a supplemental response [ECF No. 41].

On August 31, 2015, Magistrate Judge Trumble ordered the Respondent to file a response to the § 2241 petition within twenty-one days. ECF No. 10. Eighteen days later,

---

[7] The UDC conducts preliminary reviews of inmate incident reports. If the incident report contains offenses that the UDC determines are serious in nature, the report will be transferred to the DHO. 28 C.F.R. § 541.7.

on September 18, 2015, the Respondent filed a motion to extend the time within which to respond. ECF No. 14. In support of the motion, the Respondent stated that he required additional time in order to obtain documents and information necessary to respond to the Petitioner's claims. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), if a request to extend is made prior to the original time or its extension expires, the Court "may, for good cause," grant the extension. Here, upon finding good cause, Magistrate Judge Trumble granted the Respondent's motion to extend and provided him with an additional fourteen days to file his response. Magistrate Judge Trumble's ruling on the motion for extension was within the parameters of Rule 6 and was therefore proper. Thereafter, on March 31, 2016, following a review of the pleadings before him, Magistrate Judge Trumble found it necessary for the Respondent to file a supplemental response. Ordering the Respondent to file a supplemental response was completely within Magistrate Judge Trumble's discretion. Furthermore, the Petitioner had an opportunity to raise objections to the supplemental response, but failed to do so.[8] Therefore, the Court finds that Magistrate Judge Trumble did not err in ordering the Respondent to file a supplemental response. Accordingly, upon consideration, the Petitioner's objection alleging Magistrate Judge Trumble's partiality is **OVERRULED**.

D.     **Denial of Due Process in Processing DHO Reports**

The Petitioner objects to Magistrate Judge Trumble's finding regarding the insufficiency of his due process claim. Beginning on page thirteen of his R&R, Magistrate Judge Trumble states, "The Court is mindful that the Petitioner makes vague allegations that he was thwarted in the appeals process due to transfers and lack of forms. However,

---

[8] While the Petitioner filed an objection [ECF No. 45] to Magistrate Judge Trumble's order requiring a supplemental response, he failed to file any objections to the actual supplemental response.

the Petitioner provides no detail." ECF No. 58 at 13-14. Upon review, the Court agrees with Magistrate Judge Trumble's characterization of the Petitioner's due process claim. In his § 2241 petition, the Petitioner claims that the BOP denied him due process by "denying: (1) timely incident reports; (2) unit disciplinary committees; (3) disciplinary hearings; and (4) appeals (due to transfers and lack of available forms)." ECF No. 1 at 6 (capitalization modified). The Petitioner does not, however, indicate how the BOP thwarted his attempts to appeal disciplinary decisions and does not specify which DHO hearings the BOP refused to hold. A review of the Petitioner's Chronological Disciplinary Record shows that his institutions of incarceration consistently held UDC and DHO hearings for his disciplinary infractions. See ECF No. 27-4 at 14-22. Furthermore, a review of the Petitioner's Administrative Remedy Report does not demonstrate an impediment to, but rather confirms his regular engagement in, the appeals process. See ECF No. 54-2. Accordingly, the Petitioner's objection regarding his due process claim is **OVERRULED**.

### E. Other Arguments

Although the Petitioner failed to raise specific objections to the R&R regarding his custody classification, sex offender designation, sovereign citizen designation and criminal history calculation, the Court has conducted a review of these claims. Upon consideration, the Court finds that they must be dismissed.

#### 1. Custody Classification

In his § 2241 petition, the Petitioner alleges that since 2005 the BOP has kept him confined "in a higher custody level than warranted, in violation of its own policy," thereby "putting him in unnecessary increased surroundings of danger which allowed several

assaults on him." ECF No. 1 at 6. Prisoners do not possess a due process right to a particular security classification, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), and the designation and transfer of a federal inmate is within the sound discretion of the BOP, see Meachum v. Fano, 427 U.S. 215, 228 (1976); Pardo v. Fed. Corr. Inst. Petersburg, 19 F.3d 1429, at *1 (4th Cir. 1994) (per curiam) (unpublished table decision). Furthermore, as addressed above, challenges to circumstances or conditions of confinement are not cognizable under § 2241. See McGee, 627 F.3d at 936. Rather, a civil rights action pursuant to 42 U.S.C. § 1983 is the appropriate avenue for relief. Id. Accordingly, the Court agrees with Magistrate Judge Trumble's finding that, in order to pursue this claim, the Petitioner must file a § 1983 suit.

### 2. Sex Offender and Sovereign Citizen Designation and Calculation of Criminal History Score

The Petitioner also alleges that the BOP erroneously labeled him as a sex offender and sovereign citizen and miscalculated his criminal history score in violation of the Privacy Act, 5 U.S.C. § 552a. A violation of the Privacy Act arises when there is improper collection, dissemination, maintenance or use of an individual's personal records or information. The Petitioner avers that the BOP wrongfully labeled him as a sex offender and sovereign citizen in violation of the Privacy Act, causing him "to be targeted for abuse/assaults by staff and inmates alike which has caused (further mental problems) and permanent physical scars." ECF No. 34 at 11 (capitalization modified). A cause of action seeking redress that, if granted, would not impact the duration of a sentence is not cognizable in a § 2241 petition. See Fontanez, 807 F.3d at 87; Queen, 530 F.3d at 254 n.2. The Petitioner's Privacy Act claims do not present a form of redress that would impact the duration of his sentence. Furthermore, the Petitioner admits that his wrongful

designation as a sex offender was corrected in 2014 and his criminal history score was corrected in 2015. Thus, these claims are moot. Accordingly, the Petitioner's Privacy Act claims are improperly alleged in the instant § 2241 petition and must be dismissed.

## IV. Conclusion

Upon consideration, the Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 58] should be, and is, hereby **ADOPTED IN PART**.[9] The Court **ORDERS** that the Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [ECF No. 27] is **GRANTED**. The Court further **ORDERS** that the Petitioner's § 2241 petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Court **ORDERS** that ECF Nos. 31, 40, 46 and 47 are **DENIED AS MOOT**.

The Court further **ORDERS** the Respondent to file proof that the DHO reports for Incident Report Nos. 2514246 and 2514156 have been delivered to the Petitioner and that Incident Report No. 1615540 (Remedy ID No. 469145-A1) has been expunged, resulting in the restoration of 27 days of GCT to the Petitioner, **within 10 days of entry of this Order.**

The Court **ORDERS** this case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

Because the instant petition seeks relief pursuant to 28 U.S.C. § 2241, the Court makes no certificate of appealability determination in this matter.

---

[9] Magistrate Judge Trumble's report and recommendation is adopted in part only insofar as this Court dismisses the petition without prejudice rather than with prejudice. All other findings and recommendations are adopted in full.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** September 8, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE